# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**
        **Plaintiff,**

   v.                                                     Case No. 95-CR-93

**KORY BIAMI,**
        **Defendant.**

## DECISION AND ORDER

Defendant Kory Biami moves for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on the Sentencing Commission's recent amendment to the crack cocaine guidelines. Because defendant was sentenced under the career offender guideline, not the crack guideline, his motion must be denied.

## I. BACKGROUND

Defendant pleaded guilty to conspiracy to distribute crack and powder cocaine, and on October 23, 1995, Judge Myron Gordon sentenced him to 188 months in prison. Judge Gordon found a base offense level of 28 under U.S.S.G. § 2D1.1(c), subtracted 2 levels based on defendant's minor role in the offense, § 3B1.2, and 3 more levels for acceptance of responsibility, § 3E1.1, producing an adjusted level of 23. Coupled with defendant's criminal history category of V, these computations produced an imprisonment range of 84-105 months under the sentencing guidelines.

However, Judge Gordon found that defendant qualified as a career offender under U.S.S.G. § 4B1.1. This finding produced a base offense level of 34 under § 4B1.1(b),

reduced to 31 with acceptance of responsibility.[1] Because a career offender's criminal history category is always deemed a VI, defendant's final imprisonment range was 188-235 months. Judge Gordon sentenced defendant to the low end of that range.[2]

## II. DISCUSSION

### A. Applicable Legal Standards

The district court is generally prohibited from reducing a sentence of imprisonment after expiration of the time limits set forth in Fed. R. Crim. P. 35. See United States v. Zingsheim, 384 F.3d 867, 871 (7th Cir. 2004); Romandine v. United States, 206 F.3d 731, 735 (7th Cir. 2000). Section 3582(c)(2) provides a narrow exception to the general rule of finality "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In such a case,

> upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

Eligibility for a reduction under § 3582(c)(2) is triggered only by amendments designated for retroactive application in U.S.S.G. § 1B1.10(c). U.S.S.G. § 1B1.10 cmt. n.1; see United States v. Hernandez, 18 F.3d 601, 602 (8th Cir. 1994); see also United States v. Perez, 249 F.3d 583, 584 (7th Cir. 2001) ("Amendments apply only to sentences

---

[1] A career offender may not receive a reduction for minor role. See United States v. Otero, 495 F.3d 393, 401 n.4 (7th Cir.) (citing United States v. Ward, 144 F.3d 1024, 1036-37 (7th Cir. 1998)), cert. denied, 128 S. Ct. 425 (2007).

[2] The case was re-assigned to me subsequent to Judge Gordon's retirement.

2

pronounced after the changes go into force, unless the Commission makes them retroactive."). The Commission has included the recent crack amendments, numbers 706 and 711, in U.S.S.G. § 1B1.10(c). However, the guideline further states:

> A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if–
>
> (A) None of the amendments listed in subsection (c) is applicable to the defendant; or
>
> (B) An amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

U.S.S.G. § 1B1.10(a)(2) (2007).

> (1) . . . In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.
>
> (2) . . . [T]he court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.

U.S.S.G. § 1B1.10(b) (2007).

**B.   Analysis**

Defendant notes that based on the crack amendments his offense level under U.S.S.G. § 2D1.1(c) would be reduced by 2, producing a modified range of 70-87 months.[3] However, defendant was not sentenced under § 2D1.1 but rather under the career offender

---

[3] The November 1, 2007 amendment to the crack guideline generally reduces offense levels by 2. United States Sentencing Commission Guidelines Manual, Supplement to Appendix C 230 (2007) (Amendment 706).

3

guideline, and as he concedes, no retroactive changes have been made to U.S.S.G. § 4B1.1. Thus, the Sentencing Commission has not lowered the range under which defendant was actually sentenced.

Defendant nevertheless contends that the court may reduce his sentence under § 3582(c) in order to achieve the goals in 18 U.S.C. § 3553(a). He first argues that § 3582(c)(2) does not require that the amendment actually have the effect of lowering his range before the court can revisit the sentence; rather, it requires only that the sentence have been "based on" a range subsequently lowered. He contends that all crack sentences are "based on" the crack guidelines because those ranges represent the starting point for the court's analysis, even if the court ultimately relies upon the calculations in § 4B1.1.

I cannot accept defendant's construction of § 3582(c)(2). It would make little sense to permit the court to re-open a sentence based on a guideline amendment that would not, if applied to the defendant, make any difference in the outcome. The better reading of the statute is that the amendment must lower the range under which the defendant was actually sentenced (and would be re-sentenced). See, e.g., United States v. Armstrong, 347 F.3d 905, 908 (11th Cir. 2003) (upholding denial of § 3582(c)(2) motion where retroactive amendment did not affect the defendant's ultimate sentence); United States v. Young, 247 F.3d 1247, 1252-53 (D.C. Cir. 2001) (finding § 3582(c)(2) reduction unwarranted where amendment did not actually affect the defendant's range); United States v. Gonzalez-Balderas, 105 F.3d 981, 983-84 (5th Cir. 1997) (affirming denial of § 3582(c)(2) motion where retroactive amendment did not actually reduce the defendant's imprisonment range); United States v. Townsend, 98 F.3d 510, 513 (9th Cir. 1996) ("Because Amendment 506 has no effect on Townsend's sentencing range, the district court properly denied his motion for a reduced sentence under § 3582(c)(2)."); United

4

States v. v. Dorrough, 84 F.3d 1309, 1312 (10th Cir. 1996) (affirming denial of § 3582(c)(2) motion where, under an alternate calculation, the defendant had the "same offense level under the new guidelines as he had under the old"); United States v. Allison, 63 F.3d 350, 354 (5th Cir. 1995) (affirming denial of § 3582(c)(2) motion where the defendant would have received "the same sentence he originally received").

Defendant notes that the court may consider the difference between the career offender sentence and the range otherwise in determining whether the guidelines produce a sentence greater than necessary under 18 U.S.C. § 3553(a). See Gall v. United States, 128 S. Ct. 586, 591 (2007) (stating that "the extent of the difference between a particular sentence and the recommended Guidelines range is surely relevant"). He further notes that the alternate range under § 2D1.1 (the range now lowered) was included in his pre-sentence report in this case. However, Judge Gordon did act on the comparison in this case. For example, he did not depart based on an overstatement in defendant's criminal history category under the career offender guideline, see U.S.S.G. § 4A1.3, or any other basis. Rather, he adopted the career offender guideline range and imposed sentence based on such range. Thus, even if this sort of comparison could somehow expand the court's authority under § 3582(c)(2), the comparison is irrelevant in defendant's case. I agree with the district court for the Eastern District of Pennsylvania, which recently rejected a similar argument:

> Rivera argues that, although he was sentenced as a career offender, the guideline range prescribed by § 2D1.1 was relevant to his sentence and that Amendment 706 therefore triggers authority to reduce the sentence under § 3582. He asserts that, when sentencing a career offender, a court compares the § 4B1.1 career offender sentence with a non-career offender sentence under § 2D1.1. According to Rivera, this comparison may bear on the judge's choice of what sentence from within the Guideline range to order. Rivera asserts that, because the comparison between career and non-career

5

offender sentences has been affected by Amendment 706, he is entitled to a resentencing.

Rivera's argument inaccurately summarizes the sentencing process. Under the Guidelines, a court determines whether a defendant is a career offender and, if he is, calculates the sentence under § 4B1.1. The court may rely on the sentencing range prescribed for a defendant of a different criminal history category (in other words, the § 2D1.1 sentencing range), but only if the court determines that the criminal history category "substantially over-represents the seriousness of defendant's criminal history or the likelihood that the defendant will commit other crimes." § 4A1.3(b)(1). If the court concludes that the criminal history category accurately represents the defendant's characteristics, it never reaches the comparison between defendant's sentence under § 4B1.1 and the sentence that would apply if another criminal history category were used.

When Rivera was sentenced, the Court declined to grant a downward departure in criminal history category. In other words, the Court concluded that category VI and the career offender provision accurately represented Rivera's characteristics. Therefore, the Court calculated a sentencing range based on § 4B1.1. The sentencing range under § 2D1.1 never became relevant because no downward departure was granted.FN2

> FN2. Even if the Court had considered what Rivera's sentence would have been under § 2D1.1, it is unclear that a reduction would be authorized by § 3582. The statute provides authority for a reduction based on "an amendment reducing the applicable guidelines range." It is not obvious that authority is provided by an amendment changing a guidelines range that is not applicable to the defendant but is considered for comparison purposes.

United States v. Rivera, 535 F. Supp. 2d 527, 530 (E.D. Pa. 2008).

Defendant next contends that, although U.S.S.G. § 1B1.10 purports to foreclose his argument, that guideline, like all of the others, is advisory only under Booker and its progeny. See United States v. Hicks, 472 F.3d 1167, 1173 (9th Cir. 2007) ("[T]o the extent that the policy statements are inconsistent with Booker by requiring that the Guidelines be treated as mandatory, the policy statements must give way."). Because I conclude that 18 U.S.C. § 3582(c)(2) does not authorize relief in this case, I need not determine the effect of U.S.S.G. § 1B1.10.

6

Finally, defendant contends that U.S.S.G. § 1B1.10 violates 18 U.S.C. § 3553(a) because it purports to require the court to ignore a relevant factor – the disparity between his non-career offender (amended) guideline range and his (original) career offender-enhanced range. It is true that under Booker and its progeny, guideline policy statements may not prohibit the court from considering relevant factors in imposing sentence under § 3553(a). See United States v. Wachowiak, 496 F.3d 744, 753-54 (7th Cir. 2007) (stating that Booker provides the district court with authority to consider and/or give greater weight to factors covered and/or discouraged by the guidelines); United States v. Dean, 414 F.3d 725, 730-31 (7th Cir. 2005) ("[T]he guidelines, being advisory, can be trumped by section 3553(a), which as we have stressed is mandatory."). But because defendant's range has not been lowered as required by 18 U.S.C. § 3582(c)(2), I do not reach the point of considering the § 3553(a) factors.[4]

Thus, none of defendant's arguments are persuasive. I note that although the circuits have not yet addressed this precise issue, all of the district courts which have done so have held that a crack defendant sentenced under the career offender guideline is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on the 2007 amendments. E.g., United States v. Gutierrez, No. 3:02-CR-00027A, 2008 WL 927564 (D. Conn. Apr. 4, 2008); United States v. Ware, No. 05-CR-282, 2008 WL 906410 (D.N.H. Apr. 3, 2008) (Diclerico, J.); United States v. Olivieri, No. 05-CR-069, 2008 WL 924527 (D.N.H.

---

[4]Under § 3582(c)(2), the court must first determine whether the Commission has lowered the defendant's range and made the change retroactive. If so, the court will then consider the factors in 18 U.S.C. § 3553(a) and U.S.S.G. § 1B1.10(b) to determine whether to exercise its discretion to grant a reduction, and if it does, the extent of the reduction. In the present case, I do not reach the second step. I thus leave for another day the question of whether the court may, in re-sentencing a defendant found eligible under § 3582(c)(2), consider all of the § 3553(a) factors as in a full Booker sentencing.

7

Apr. 3, 2008) (Barbadoro, J.); United States v. Harris, No. 3:93CR00013, 2008 WL 916751 (W.D. Va. Apr. 2, 2008) (Jones, J.); United States v. Ashley, No. 2:99CR118, 2008 WL 793637 (M.D. Fla. Mar. 25, 2008); United States v. Straughter, No. 94-14098-CR, 2008 WL 717686 (S.D. Fla. Mar. 24, 2008); United States v. Thompson, No. 4:CR-99-89-02, 2008 WL 750563 (M.D. Pa. Mar. 19, 2008); United States v. McDougherty, No. CR 88-00504 MMM, 2008 WL 752597, at *4 (C.D. Cal. Mar. 18, 2008) (citing United States v. Burrell, No. 2:02-cr-96-FTM-29DNF, 2008 WL 434728 (M.D. Fla. Feb. 14, 2008); United States v. Pizarro, No. 98-cr148-01-PB, 2008 WL 351581 (D.N.H. Feb. 8, 2008); United States v. Lemieux, No. 05-cr-274-01-PB, 2008 WL 361016 (D.N.H. Feb. 8, 2008)); United States v. White, No. 3:97-CR-00028, 2008 WL 724171 (W.D. Va. Mar. 17, 2008) (Kiser, J.); United States v. Taylor, No. CR-95-158-D, 2008 WL 697341 (W.D. Okla. Mar. 12, 2008); United States v. Washington, No. CRIM. 03-41-PH04, 2008 WL 660227 (D. Me. Mar. 6, 2008) (Hornby, J.); United States v. LaFrance, No. 03-CR-38-P-S, 2008 WL 447548 (D. Me. Feb. 19, 2008) (Singal, J.); United States v. Turner, No. CR.03-50010, 2008 WL 276581 (W.D. Ark. Jan. 30, 2008); see also United States v. Nigatu, Crim. No. 00-18, 2008 WL 926561 (D. Minn. Apr. 7, 2008) (noting that "Amendment 706 does not alter any sentence imposed on a defendant who was sentenced as a career offender," but granting a reduction in that case because the court had declined to impose sentence under the career offender guideline). Defendant cites no case holding that a reduction is permitted under these circumstances. For the reasons stated, I join the courts cited above in holding that § 3582(c)(2) does not provide for a sentence reduction in a crack case in which the defendant was sentenced as a career offender.

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that defendant's motion is **DENIED**.

Dated at Milwaukee, Wisconsin, this 22nd day of April, 2008.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge